**In re James E. BROWN, Petitioner.**

**No. 94–BG–525.**

District of Columbia Court of Appeals.

Submitted Nov. 21, 1994.

Decided Nov. 21, 1994.

Before SCHWELB and FARRELL, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

Petitioner, an attorney, consented to his disbarment in the District of Columbia in August 1981 after being charged with disciplinary violations for alleged mishandling of funds in three probate matters. We previously denied a petition for reinstatement which he filed in 1987. *In re Brown,* 617 A.2d 194 (D.C.1992). We now accept the recommendation of the Board on Professional Responsibility and a Hearing Committee that petitioner be reinstated to the Bar of the District of Columbia on two conditions.\* *See In re Roundtree,* 503 A.2d 1215, 1217 (D.C. 1985) (summarizing criteria for reinstatement). One of those conditions has been satisfied: petitioner has certified to his completion of Continuing Legal Education courses and (more recently) two courses on

---

5. "Permissibly" would be a more accurate term than "correctly."

6. And, potentially, for other similarly situated litigants.

\* Bar Counsel proposed these conditions to the Hearing Committee, but otherwise did not oppose the petition for reinstatement.

professional responsibility under the District of Columbia Rules of Professional Conduct. As the second condition, the Board recommended that if and when petitioner engages in the private practice of law (his declared intention was to accept an administrative agency position), his practice should be monitored for a period of six months starting with the resumption of private practice. In view of the length of time petitioner has been disbarred, we accept this recommendation too as appropriate.

Therefore, the petition for reinstatement is granted, on the condition that petitioner shall notify the Board at least one month before engaging in the private practice of law of his intention to do so. Upon such notification, the Board shall appoint a member of the District of Columbia Bar to monitor petitioner's practice for a period of six months. This monitoring shall not be required if petitioner is employed by a government agency.

*So ordered.*